UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHONE SMITH, | No. 2:15-cv-0344 DAD P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER JENKENS et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
2  1915(b)(2).

## SCREENING REQUIREMENT

4  The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
6  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
7  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
9  U.S.C. § 1915A(b)(1) & (2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
18  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
20  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
21  However, in order to survive dismissal for failure to state a claim a complaint must contain more
22  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
23  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
24  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
25  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
26  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
27  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
28  /////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S AMENDED COMPLAINT[1]

In the present case, plaintiff has identified as the defendants Officer Jenkens and Officer Pogue. In his complaint plaintiff alleges that while the defendants were escorting him, defendant Jenkens mentioned that he knew plaintiff had filed lawsuits against correctional officers back in 2007. According to the complaint, plaintiff was then punched with closed fists in his back and punched in the ribs. Plaintiff alleges that defendant Pogue also put a billy club into plaintiff's

/////

---

[1] On February 10, 2015, plaintiff commenced this action by filing a civil rights complaint. Before the court had an opportunity to screen plaintiff's original complaint he filed an amended complaint. Under these circumstances, the court will proceed on plaintiff's amended complaint filed on February 26, 2015.

back. In terms of relief, plaintiff requests an investigation into the matter and a trial. (Compl. at 4 & 5.)

## DISCUSSION

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the amended complaint must be dismissed. The court will, however, grant plaintiff leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, he must allege facts therein demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

Insofar as plaintiff is attempting to assert an Eighth Amendment excessive use of force claim, he is advised that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley, i.e., whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 5 6-7 (1992). See also Whitley v. Albers, 475 U.S. 312 (1986). The court considers several factors to

determine whether a use of force violates the Eighth Amendment, including the need for force, the relationship between the need for force and the amount of force used, and the extent of the threat the officers reasonably perceived the plaintiff posed. See Whitley, 475 U.S. at 321. A prisoner is not required to allege and show a "significant injury," see Hudson, 503 U.S. at 9-10, but "an inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). In any second amended complaint plaintiff elects to file, he should allege facts clarifying which named defendant(s) he believes used excessive force against him as well as the reason for that belief. In addition, plaintiff should allege facts that, if proven, would indicate that each defendant's actions were unnecessary, that the defendants acted with a sufficiently culpable state of mind, or that they acted for the "very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Insofar as plaintiff is attempting to assert a retaliation claim (i.e., that defendants used excessive force against him because he previously filed lawsuits against their fellow correctional officers), it is well established that filing administrative inmate grievances and pursuing litigation before the court are protected activities. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Prison officials may not retaliate against prisoners for engaging in such activities. See id. at 568. However, the Ninth Circuit has made clear:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Id. at 567-68. See also Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this."). In any second amended complaint plaintiff elects to file, he should allege facts clarifying which defendant(s) he believes retaliated against him. In addition, plaintiff should allege facts describing the defendant(s) alleged retaliatory conduct and explaining why he believes their conduct was motivated by, or because of, plaintiff's engagement in protected activities.

Finally, the court observes that since he filed this action, plaintiff has filed a series of supplemental documents with the court in support of his complaint. In any amended complaint plaintiff elects to file, he must identify each defendant by name and state therein all of the claims (and supporting factual allegations) that he seeks to bring in this action. The court will not allow the piecemeal filing of supplemental complaints. See Local Rule 220.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in any second amended complaint plaintiff may elect to file, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint (Doc. No. 5) is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

/////

/////

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated: March 24, 2015

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
smit0344.14a