UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHONE SMITH, | No. 2:15-cv-0344 KJN P (TEMP) |
| Plaintiff, | |
| v. | ORDER AND |
| OFFICER JENKENS et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis ("IFP") with this civil rights action filed pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to revoke plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g). Also pending before the court are plaintiff's motions for summary judgment. The court addresses each of these motions in turn.

**BACKGROUND**

Plaintiff is proceeding on a second amended complaint against defendants Jenkens and Pogue. At screening, then-Magistrate Judge Dale A. Drozd found that plaintiff's complaint appeared to state a cognizable claim for retaliation under the First Amendment against defendant Jenkens. Judge Drozd also found that plaintiff's complaint appeared to state a cognizable claim for excessive use of force under the Eighth Amendment against defendants Jenkens and Pogue. (Doc. Nos. 16 & 17.)

////

1

**DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IFP STATUS**

In defendants' motion to revoke plaintiff's IFP status, defense counsel argues that plaintiff has accrued at least three strikes for purposes of 28 U.S.C. § 1915(g). (Defs.' Mem. of P. & A. at 3-8.) Specifically, defense counsel characterizes the following causes of action as "strikes":[1]

- **Strike 1: Smith v. Dickson, No. 2:14-cv-3002 CKD (E.D. Cal.)**

  Plaintiff commenced this action under 42 U.S.C. § 1983 on December 30, 2014. The court twice dismissed plaintiff's complaint for failure to state a claim, and on June 5, 2015, the court dismissed this action without prejudice because plaintiff had failed to cure the defects of his prior complaints. (Defs.' Req. for Judicial Notice Ex. 1.)

- **Strike 2: Smith v. Cser, No. 2:07-cv-1330 LKK CMK (E.D. Cal.)**

  Plaintiff commenced this action under 42 U.S.C. § 1983 on July 6, 2007. The assigned Magistrate Judge issued findings and recommendations, recommending dismissal of plaintiff's complaint for failure to state a claim, and on April 15, 2008, the assigned District Judge adopted the findings and recommendations in full and dismissed this action for failure to state a claim. (Defs.' Req. for Judicial Notice Ex. 2.)

- **Strike 3: Smith v. Becerra, No. 1:08-cv-1601 (E.D. Cal.)**

  Plaintiff commenced this action under 42 U.S.C. § 1983 on October 23, 2008. On July 30, 2009, the court dismissed this action without prejudice for failure to exhaust administrative remedies prior to filing suit. (Defs.' Req. for Judicial Notice Ex. 3.)

"The burden of establishing that three strikes have accrued is on the party challenging the prisoner's right to proceed in forma pauperis." Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013). See also Silva v. Vittorio, 658 F.3d 1090, 1097, n. 3 (9th Cir. 2010); O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008); Andrews v. King, 398 F.3d 1113, 1116 (9th Cir. 2005). In this case, defendants have failed to carry their burden. Specifically, defense counsel has identified Smith v. Dickson, No. 2:14-cv-3002 CKD (E.D. Cal.) as a strike. However, the court dismissed

---

[1] Defendants have filed a request for judicial notice of their exhibits, which consist of copies of docket sheets and court orders from plaintiff's previously-filed cases. Pursuant to Federal Rule of Evidence 201, the court will grant defendants' request.

2

1  that case on June 5, 2015, well after plaintiff commenced this action on February 10, 2015.  The
2  Ninth Circuit Court of Appeals has made clear that § 1915(g) applies "to claims dismissed *prior*
3  to the current proceedings." Tierney v. Kupers, 128 F.3d 1310,1311 (9th Cir. 1997).
4  Accordingly, because defendants have failed to meet their burden of establishing that this prior
5  action qualifies as a strike, the court cannot count it as such.

6  Defendants have identified two of plaintiff's other prior civil actions as strikes.  However,
7  the court need not decide whether these actions constitute strikes because even assuming
8  arguendo that they do, at most, defendants will have identified only two of plaintiff's prior civil
9  actions that qualify as strikes.  Accordingly, the court recommends that defendants' motion to
10 revoke plaintiff's IFP status be denied.

**PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff has filed two virtually identical motions for summary judgment.  Under Federal Rule of Civil Procedure 56(a), a court must "grant summary judgment if the movant shows there is no genuine dispute as to any material fact and that movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact is not "genuinely disputed" must support that assertion by

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

Fed. R. Civ. P. 56(c)(1).  See also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) ("Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.") (citation and internal quotation marks omitted).

////

////

////

In addition, Local Rule 260(a) requires that a motion for summary judgment

> be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact.

E.D. Cal. L.R. 260(a).

In this case, plaintiff's motions for summary judgment are disorganized, difficult to decipher, and defective in that they do not comply with the Federal Rule of Civil Procedure 56 or Local Rule 260.  Although the Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly," Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010), the Ninth Circuit has also made clear that a pro se litigant must "abide by the rules of the court in which he litigates." Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007) (quotation omitted).  Plaintiff has failed to "identify[] each claim or defense – or the part of each claim or defense – on which summary judgment is sought." See Fed. R. Civ. P. 56(a).  Plaintiff's motions are also completely devoid of citation(s) to legal authority or to his attached exhibits.  As a result, this court cannot reasonably expect defendants to respond plaintiff's argument in its current form let alone make a finding that plaintiff has affirmatively demonstrated with his motions that no reasonable trier of fact could find other than for him.  See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  Given the early stage of these proceedings, the court recommends that plaintiff's motions for summary judgment be denied without prejudice.  If plaintiff chooses to move for summary judgment at a later date, the court cautions him that his motion must conform to the requirements of Federal Rule of Civil Procedure 56 and Local Rule 260.

Finally, defendants filed a motion for an extension of time to oppose plaintiff's motions for summary judgment until after the court has disposed of defendants' motion to revoke plaintiff's IFP status.  In light of the discussion herein, the court relieves defendants of having to file any opposition to plaintiff's motions for summary judgment and denies defendants' motion for an extension of time as unnecessary.

**OTHER MATTERS**

Plaintiff has filed an inordinate number of documents styled "Notice" in which he appears to complain about various conditions of his confinement unrelated to his claims against the defendants in this action. It is not clear why plaintiff has filed these notices or what relief plaintiff seeks from the court. However, if plaintiff experiences problems at his institution of incarceration, he should pursue an inmate appeal regarding his complaints. See Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare.").

Plaintiff is cautioned that improper and superfluous filings impede the progress of a case, so the court may impose restrictions on plaintiff's filings if he does not exercise appropriate restraint in the future. See De Long v. Jennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (quoting Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989)). As noted above, although plaintiff is proceeding pro se, he is required to comply with the Federal Rules of Civil Procedure and the Local Rules of Court. Plaintiff's failure to obey court orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992).

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (Doc. No. 25) is granted;

2. Defendants' motion for an extension of time to oppose plaintiff's motions for summary judgment (Doc. No. 39) is denied as unnecessary; and

3. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's IFP status (Doc. No. 25) be denied; and

      2. Plaintiff's motions for summary judgment (Doc. Nos. 23 & 37) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 7, 2015

                                         /s/ Kendall J. Newman  
                                         KENDALL J. NEWMAN  
                                         UNITED STATES MAGISTRATE JUDGE

smit0344.57ifp