UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHONE SMITH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JENKENS, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-00344 WBS DB<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983. Plaintiff asserts claims for excessive force and retaliation, alleging that defendants punched him in the back and ribs because he previously pursued litigation against correctional officers.

Defendants move for summary judgment, arguing that plaintiff failed to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") by not submitting his appeal to the third level. Defendants also argue for summary judgment on the merits of the case; however, because it is clear that plaintiff did not exhaust administrative remedies -- and makes no showing that the administrative process was effectively unavailable to him -- the court need not reach the merits arguments. Accordingly, for the reasons outlined below, the motion should be granted and the action dismissed without prejudice.

////

1

I.      **BACKGROUND**

   A.   **Factual Background**

In the second amended complaint, plaintiff alleges that upon being transferred to Mule Creek State Prison (MCSP), defendants Jenkens and Pogue escorted him to the Facility A-Yard. (ECF No. 16-1 at 2.) According to the complaint, these defendants threatened plaintiff because he was a "prison litigator." (Id.) In addition to threatening him, plaintiff alleges defendants struck him with their fists and held a billy club against his back. (Id.)

   B.   **Procedural Background**

On November 12, 2014, plaintiff filed a "CDCR 602 Inmate/Parolee Appeal" form regarding these allegations. (ECF No. 50-2 at 5.) The appeal was noted as received on December 24, 2014. (Id.) After its filing, plaintiff's appeal was screened, returned to him for corrections, and received again on January 13, 2015. (ECF No. 50-2 at 3, 5.)

Plaintiff states that he submitted his original complaint to this court on November 22, 2014, and that he resubmitted it on February 3, 2015. (ECF No. 1 at 6.) The original complaint was docketed on February 10, 2015. (ECF No. 1.)

The first level of review for the prisoner appeal was bypassed, and the second-level review was completed on February 24, 2015. (ECF No. 50-2 at 3, 6.) The appeal states that it was returned to plaintiff on May 4, 2015. (Id.) M. Voong, Chief of the Office of Appeals for the CDCR, declares that plaintiff did not submit a third-level appeal. (ECF No. 50-3 ¶ 8.)

On May 5, 2015, plaintiff sent a notice addressed to the Appeals Coordinator claiming that he had submitted a previous notice on April 29, 2015 stating that his appeal was missing. (ECF No. 55-1 at 7.) Plaintiff claims that a second notice was submitted on May 3, 2015 concerning the purportedly missing appeal. (Id.) The Appeals Coordinator reviewed plaintiff's May 5, 2015 notice and filed a response on May 11, 2015 stating that plaintiff's appeal "was completed and returned to [him] on 5/4/15." (Id.)

As noted above, plaintiff's original complaint was docketed on February 10, 2015. (ECF No. 1.) The second amended complaint, which is operative, was docketed on April 10, 2015. (ECF No. 16.) The court screened the second amended complaint and found that plaintiff stated a

cognizable retaliation claim against Jenkens and a cognizable excessive force claim against Jenkens and Pogue. (ECF No. 17 at 1.)

### C. Motion for Summary Judgment

Defendants move for summary judgment. (ECF No. 50.) Defendants argue that plaintiff failed to exhaust administrative remedies because he never submitted his appeal to the third level and filed this action before the second-level review was complete. (Id. at 5–7.) They further argue that plaintiff did not suffer any harm and, therefore, lacks constitutional standing. (Id. at 8.) Additionally, they argue that defendants did not use excessive force. (Id. at 9)

Plaintiff opposes defendants' motion for summary judgment. (ECF No. 55.) Plaintiff contends that he exhausted administrative remedies because his appeal went missing and was never responded to. (ECF No. 55-1 at 7.) He also asserts that he has constitutional standing because defendants' alleged assault caused or exacerbated pain in his testicles, legs, and lower back. (Id. at 2, 4.) Additionally, plaintiff argues that defendants used excessive force on him because they punched him in his back and ribs for malicious and retaliatory reasons, which his cellmate witnessed. (See ECF Nos. 55 at 2; 55-1 at 2, 4.) Defendants filed a reply memorandum. (ECF No. 56.)

Defendants' motion for summary judgment included a so-called "Rand Notice" (ECF No. 50-5) to plaintiff informing him of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Woods v. Carey, 684 F.3d 934, 941 (9th Cir. 2012); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc).

For the reasons outlined below, the court grants defendants' motion for summary on the grounds that plaintiff failed to exhaust administrative remedies before filing this lawsuit. The court will not address the merits portion of the summary judgment motion.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary

judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. Crawford-El v. Britton, 523 U.S. 574, 600 (1998); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–50 (1986); Nw. Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471–72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Anderson, 477 U.S. at 248; Matsushita, 475 U.S. at 586–87; Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995) (per curiam).

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. Anderson, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations unsupported by evidence are insufficient to defeat the motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).

////

////

4

**B.      Failure to Exhaust Administrative Remedies Standard**

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although "the PLRA's exhaustion requirement applies to all inmate suits about prison life," Porter v. Nussle, 534 U.S. 516, 532 (2002), the requirement for exhaustion under the PLRA is not absolute. See Albino v. Baca, 697 F.3d 1023, 1030–31 (9th Cir. 2012). As explicitly stated in the statute, "[t]he PLRA requires that an inmate exhaust only those administrative remedies 'as are available.'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)) (administrative remedies plainly unavailable if grievance was screened out for improper reasons); see also Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available."). "We have recognized that the PLRA therefore does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" Sapp, 623 F.3d at 822 (citing Nunez, 591 F.3d at 1226); accord Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance.").

Dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be brought and decided pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc). Defendant bears the burden of proving that there was an available administrative remedy that the prisoner did not exhaust it. Id. at 1172. If defendant meets this burden, then the burden shifts to plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. In adjudicating summary judgment on the issue of exhaustion, the court must view all the facts in the record in the light most favorable to plaintiff. Id. at 1173.

5

## III. ANALYSIS

Plaintiff submitted a first-level appeal on November 12, 2014, and that the second-level review was completed on February 24, 2015. (ECF No. 50-2 at 3, 5–6.) The evidence before the court shows that the appeal was returned to plaintiff on May 4, 2015. (ECF Nos. 50-2 at 3, 6; 55-1 at 7.) Additionally, Voong declares that plaintiff failed to submit his appeal to the third level (ECF No. 50-3 at 2-3), which plaintiff does not dispute. Accordingly, it is undisputed that plaintiff did not complete his prisoner appeal process through the third level of review.

Plaintiff argues that the third level was effectively unavailable to him because his appeal went missing (i.e., he never received a second-level response). However, plaintiff filed the original complaint in this lawsuit on February 10, 2015 (ECF No. 1), which is more than two months before plaintiff claims he even inquired with the Appeals Coordinator about the status of his original prisoner appeal (ECF No. 55-1 at 7). Additionally, plaintiff was interviewed concerning his initial appeal (which was bypassed to the second level of review from the start) on December 29, 2014. (ECF No. 50-1 at 6.) Plaintiff asserts (and defendants' dispute) that he was interviewed again on January 15, 2015 concerning his appeal. This was less than one month before plaintiff filed this lawsuit.

The record evidence before the court shows that the second level review of plaintiff's appeal was returned to him on May 4, 2015. (ECF No. 50-1 at 6.) As noted above, plaintiff did not inquire about the status of the second level of review through official channels until April 29, 2015. (ECF No. 55-1 at 7). Even if plaintiff never received the decision concerning the second level review on May 4, 2015, he still filed this lawsuit while the review was indisputably underway; the lawsuit was filed more than two months before plaintiff inquired about the status of his appeal and less than a month after plaintiff claims he was interviewed by prison officials concerning the appeal. While plaintiff disputes that he received a response to his appeal on May 4, 2015, it is not disputed that the appeals coordinator received the appeal decision on May 4, 2015, which officially signals the conclusion of that level of review. (ECF No. 501- at 6.)

Plaintiff filed his lawsuit before the second level appeal process was completed. Plaintiff cannot assert that the decision was missing or that the administrative process was not available to

6

him on February 10, 2015 when this action was filed. The record clearly shows that the second level review was underway on that date and that plaintiff never inquired about the status of his appeal until months after he filed the lawsuit. "The obligation to exhaust 'available' remedies persists as long as some remedy remains available. Once that is no longer the case, then there are no remedies available, and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (internal quotations omitted). On February 10, 2015, plaintiff still had available administrative remedies that he did not exhaust before pursuing this action. Accordingly, plaintiff failed to exhaust administrative remedies. For that reason, this action must be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF No. 50) be granted, and that the action be dismissed without prejudice for failure to exhaust administrative remedies under the PLRA.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: August 16, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / smit.0344.msj

7